[No. 970.   January 27, 1902.]

## TERRITORY OF NEW MEXICO, Appellee, v. WILLIAM HALL, Appellant.

### SYLLABUS.

1.   Chapter ninety-nine (99) of the Laws of 1901, authorizing the appellant to docket his appeal at any time before motion on the part of the appellee, to docket and affirm judgment, does not in any manner modify or change the practice touching the preparation, settling and signing of a bill of exceptions.

2.   A bill of exceptions must be settled and signed ten days before the term of the Supreme Court in which the case shall first be docketed, unless, for good and sufficient reason, the time therefor has been extended.

3.   An extension of time can not be granted within which a bill of exceptions may be settled and signed, after ten days before the term of the Supreme Court in which the case shall first be docketed.

Appeal from the district court of Chaves county, DANIEL H. McMILLAN, A. J.   Appeal dismissed and district court judgment affirmed.

### STATEMENT OF THE CASE.

The appellant was tried and convicted upon indictment for murder, in the latter part of November, 1901, in the Lincoln district court.   A motion for a new trial was denied, and appeal allowed.   The appellant was delayed in preparing exceptions, by reason of his inability to secure, at an early day, a transcript of the stenographer's minutes.   As soon as the stenographer's minutes were received, he prepared and presented to the district judge who presided at the trial a bill of exceptions, which the judge sealed and signed, on the fourth day of January, 1902, and thereupon appellant filed such bill of exceptions in the office of the clerk of the fifth

judicial district, and procured a certified copy thereof to be filed with the clerk of this court on the ninth inst.

On the same day the appellee filed a motion to dismiss the appeal; first, on the ground that the transcript of the record was not filed in this court, as prescribed by law, within ten days before the first day of the present term, to which said appeal was returnable; second, that the trial judge did not settle or sign the alleged bill of exceptions in said transcript at least ten days before the term of the Supreme Court in which said cause shall be docketed; third, that said bill of exceptions was not presented to said judge by appellant to be settled and signed within ten days prior to the opening of the present term of court, nor was the said trial judge asked to, nor did he, enlarge the time for such filing.

The regular term of this court for the year 1902 began on the eighth day of January, inst.

FREEMAN & CAMERON, attorneys for appellant.

EDWARD L. BARTLETT, Solicitor General, for appellee.

### OPINION OF THE COURT.

PER CURIAM.—By the provisions of Chapter I of the Laws of 1889, a party may prepare a bill of exceptions twenty days before the first day of the term of the Supreme Court, and give five days notice to the opposite party, who has five days to propose amendments thereto, and the judge *shall* settle and sign the exceptions ten days before the term of the Supreme Court in which the case shall first be docketed, unless for good and sufficient reason the time therefor has been extended.

In this case no application was made for an extension of time, and none was granted. The bill of exceptions was first presented to the judge for his signature on the fourth instant, and was by him settled and signed on that date.

This court has held that a motion to strike out a bill of exceptions under an appeal taken in a criminal case, when said bill was signed and sealed by the trial judge at a day later than that allowed by the statute, to-wit, ten days before return term, will be sustained; the statute is mandatory, and the judge exceeds his authority in such case in settling the bill at such time. Haynes v. United States, 56 Pac. 282.

It would seem that this decision, which settles the law and practice so far as this Territory is concerned, is controlling in this particular case, so far as the settling and signing of the bill of exceptions is concerned.

It is urged, however, on behalf of the appellant, that he was delayed by reason of the inability of the official stenographer to furnish him a transcript of the testimony. While there is some potency in this suggestion, yet the appellant had his remedy in such emergency, in that he could have applied to the district judge for an extension of time within which to have his bill of exceptions settled and signed. The fact that he allowed the time within which to have his bill of exceptions signed to elapse, without having such extension, divested the judge of any jurisdiction, and he was powerless to exercise any discretion in the premises.

Unless the appellant is protected by the provisions of chapter XCIX of the laws of 1901, the appeal herein should be dismissed, and the judgment and sentence of the court below affirmed.

This act provides that the appellant shall have the right to docket his appeal at any time before motion by appellee to docket and affirm the judgment; and that when such case shall be docketed by the appellant, the record may be perfected within thirty days thereafter.

The question arises as to whether this provision, providing that "The record may be perfected within thirty days thereafter, changes in any way the practice relative to preparing, settling and signing a proper bill of exceptions.

We are of the opinion that it is not so intended.    If a party desires to prepare and file a bill of exceptions, so that it may become a part of the record, he must pursue the well-defined practice in that behalf.    The law of 1901 does not undertake in any manner to change the practice relative to the preparation, settling and signing of the bill of exceptions, and we must regard the practice as it existed previous to the enactment of chapter 99 of the laws of 1901 to still prevail with reference to bills of exceptions.    If any additions are to be made to the record, or the appellant desires to take any additional steps with the view of *perfecting* his record, the statute gives him thirty days within which to accomplish that purpose.

To hold otherwise would be to recognize Chapter XCIX of the Laws of 1901 as an amendment to the practice act, and would operate as a repeal of many well-defined and well-understood statutes, which have been construed by the court, touching the practice relating to the preparation, settling and signing of bills of exception and the preparation of the record on appeal.    This act does not in any way suggest a substitute or method of procedure which would take the place of the statutes referred to touching the practice in this particular, and with reference to procedure in this court on appeals and writs of error.    This court can not recognize the application of statutes which are so vague and indefinite in their language as to leave doubt as to their purport and intent; and can not construe them as repealing by implication numerous specific acts touching particular procedure, and especially is this so when no repealing clause is embodied in the act in question.

The word "perfected," as used in Chapter XCIX of the Laws of 1901, can not, we think, be construed as meaning the right to prepare a record in its entirety. In section 3140 of the Compiled Laws it is provided that a *perfect* transcript shall be filed by the appellant. In sub-section 172 of the Code, it is provided that a bill

Territory v. Hall.

of exceptions shall be signed and *perfected* thirty days
before the first day of the Supreme Court.

We are therefore of the opinion that the use of the
word "perfected," in Section 1, Chapter XCIX of the
Laws of 1901, has reference to the *perfecting* of an *im-
perfect* record, and not to the preparation and filing of
such record in its entirety in the first instance.

In Crolot v. Maloy, 2 N. M. 198, it is held that the
bill of exceptions was *imperfect* in that it did not have
at the close of the testimony a certificate that it con-
tained all of the evidence.  This was such an imperfec-
tion that the court was relieved from the necessity of
examining the case, before ordering either dismissal or
affirmance.

Imperfections of this character could undoubtedly
be *perfected*, upon a proper application, addressed to the
discretion of this court.

The method of procedure with reference to the prep-
aration and signing of a bill of exceptions is well defined
and has been frequently passed upon by this court, so
that it can not be regarded as presenting a novel ques-
tion in procedure.  See Crabtree v. Segrist, 3 N. M. 495;
Co. Commr's v. A. T. & S. F. Ry. Co., 3 N. M. 677; Evans
v. Bragg, 4 N. M. 67; Gonzales v. Santa Fe Ry., 3 N. M.
515; Haynes v. United States, 9 N. M. 519; Martin v.
R. R., 7 N. M. 161.

The appellant has selected his own method of pro-
cedure.  He sought to make a bill of exceptions, and to
have it made a part of the record in this proceeding, and
being unable to perfect it in time, it was his duty, if he
desired to have such bill of exceptions settled and signed
and made a part of the record, to procure an extension
of time in the event it could not be done within the time
limited.  This he neglected to do, and thereby lost his
right under the statute to have his bill of exceptions
settled and signed or made a part of the record and con-
sidered by this court.

At the time the district judge signed the bill of exceptions in this proceeding, the limitation of time within which it could be done had expired, and the judge was without jurisdiction and had neither the power at that time to sign the bill of exceptions nor to extend the time within which the same could be signed.

Again, it may well be questioned whether the Act of 1901, has any application whatever to criminal cases. The act seems to be in harmony with the practice in civil cases therein the record may be made up without a bill of exceptions, and where the filing of a transcript of the stenographer's minutes, duly certified, with the district clerk, makes such minutes a part of the record, while on the other hand such statute is strongly at variance with many statutory provisions touching the practice in criminal procedure.

We can not assume that the Legislature intended by the language used to allow a delay of at least a year in criminal prosecutions, and thus entail upon the public the expenses incident thereto. If such were the intention, it should have been expressed in more direct and specific terms.

For the foregoing reasons, the motion of the appellee to dismiss the appeal herein, and to affirm the judgment and sentence of the court below, is granted. And it is so ordered.

By the court, William J. Mills, Chief Justice.